IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## I. CAPTION

Plaintiff Rassan Johnson "Pro se"

Complaint
Civil Action No. <u>07-2966</u>

V.

Defendant City and County of Philadelphia, Pa.

Defendant Philadelphia Police Sergeant Paul Lorenzo Badge No. 8500 for 22nd Police District

Defendant Philadelphia Police Sergeant Anthony McFadden Badge No. 0507 for the 22nd District

Defendant Philadelphia Police Detective Terrence Sweeney Badge #8048 for the 6200 Central Detective Division,

Defendant Philadelphia Police Officer John Bechner Badge #3531 for the Philadelphia SWAT Team Unit,

Defendant Philadelphia Police Officer William Hunter Badge No. 3343 for the Philadelphia SWAT Team Unit,

Defendant Philadelphia Police Officer Jason Shensby Badge No. 4910 for the 22nd Police District - Squad 2B

RECEIVED JUL 19 2007

Defendant Philadelphia Police Officer
Ezehiel Williams Badge # 8188 for the
22nd Police District - Squad 2C

Defendant Philadelphia Police Officer
John Doe (Will learn his identity
upon recieving ~~my~~ discovery) for the
SWAT Team Unit of Philadelphia

## II. JURISDICTION AND VENUE

1.) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks money relief pursuant to 28 U.S.C. Section 2201 and 2202. The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. Section 1367.

2.) The United States District Court for The Eastern District OF Pennsylvania, is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## III. PLAINTIFF

1.) Plaintiff, Rassan Johnson is an adult individual currently confined in S.C.I. Mahanoy, 301 ~~MOREA~~ Road, Frackville, Pa. 17932.

## IV. DEFENDANTS

1.) Defendant, City of Philadelphia is a municipal corporation of the first class, organized and existing under the laws of the Commonwealth of Pennsylvania, with offices at the Municipal Services Building, Philadelphia, Pa. 19107.

2.) Defendant, Sergeant Paul Lorenzo is an adult individual, and was at all times relevant hereto duly employed by the City of Philadelphia assigned to the 22nd Police District, 17th & Montgomery, Philadelphia, Pa. 19132, and at all times was acting within the scope of his authority and within the course of his employment under color of state law.

3.) Defendant, Sergeant Anthony McFadden is an adult individual and was at all times relevant hereto, was duly employed by the City of Philadelphia assigned to the 22nd Police District, 17th an Montgomery, Philadelphia, Pa. and at all times was acting within the scope of his authority and within the course of his employment under the color of state law.

4.) Defendant, Detective Terrence Sweeney is an adult individual and was at all times relevant hereto, was duly employed by the City of Philadelphia and acting as a Philadelphia Police Detective assigned to the 6200 Central Detective Division, Philadelphia, Pa. and at all times was acting within the scope of his authority and within the course of his employment under the color of state law.

5.) Defendant, Officer John Rechner is an adult individual and was at all times relevant hereto, was duly employed by the City of Philadelphia and acting as a Philadelphia SWAT officer assisting the 22nd District and at all time was acting within the scope of his authority and within the course of his employment under the color of state law

6.) Defendant, Officer William Hunter is an adult individual and was at all times relevant hereto, was duly employed by the City of Philadelphia and acting as a Philadelphia SWAT officer assisting the 22nd District and at all times was acting within the scope of his authority and within the course of his employment under the color of state law.

7.) Defendant Jason Shensky is an adult individual and was at all times relevant hereto, was duly employed by the City of Philadelphia and acting as a Philadelphia Police officer assigned to the 22nd District Squad 2B, 17th; Montgomery, Philadelphia, Pa. and at all times was acting within the scope of his authority and within the course of his employment under the color of state law.

8.) Defendant Officer Ezekiel Williams is an adult individual and was at all times relevant hereto, was duly employed by the City of Philadelphia and acting as a Philadelphia Police officer assigned to the 22nd District Squad 2C, 17th; Montgomery, Philadelphia, Pa. and at all times was acting within the scope of his authority and within the course of his employment under the color of state law

9.) Defendant Officer John Doe is an adult individual and was at all times relevant hereto, was duly employed by the City of Philadelphia and acting as a Philadelphia SWAT officer assisting the 22nd District and at all times was acting within the scope of his authority and within the course of his employment under the color of state law.

10.) At all times relevant hereto, defendant City of Philadelphia, by and through its agents, servants, workmen and/or employees acting within the scope of their authority, and within the scope of their employment, including but not limited to all of the individual defendants named herein and

other police officers serving with them in connection with the police brutality and with the investigation which culminated in the case of Commonwealth v. Rassan Johnson (Court of Common Pleas, May Term, 2007, Nos. 0604-0738), acted intentionally, maliciously in concert with one another and under the color of state law.

11.) At all times relevant hereto, individual defendants and others acting with them were agents, employees and servants of the defendant City of Philadelphia, acting within the scope of their authority, and within the course of their employment.

12.) Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color state law.

## V. FACTS

1.) Defendant City of Philadelphia, through its agents, servants, workmen, and/or employees, acting within the scope of their authority, and within the course of their employment and specifically at the direction or approval of defendant Sergeant Anthony McFadden acting within the scope of his supervisory role, did reaffirm the arrest of plaintiff Rassan Johnson and charging him with Vandalism, Criminal Mischief, Robbery and the Aggravated Assault of Edward Haines and Robert Brooks alledgedly taken place on July 22, 2005 at 2535 N. 28th Street, Philadelphia Pa.

2.) Defendant City of Philadelphia, through its agents, servants, workmen and/or employees, acting within the scope of their authority, and within the course of their employment and specifically at the direction or approval of defendant Sergeant Paul Lorenzo acting within the scope of his supervisory role, did reaffirm the arrest of plaintiff Rassan Johnson and charging him with Vandalism, Criminal Mischief and the Robbery and Aggravated Assault of Edward Haines and Robert Brooks alledgedly taken place on July 22, 2005 at 2535 N 28th Street, Philadelphia Pa.

3.) Defendant City of Philadelphia, through its agents, servants, workmen and/or employees, acting within the scope of their authority and within the course of their employment and specifically by the actions of defendant Officer John Rechner acting within the scope of his authority and within the course of his employment while assigned to Philadelphia SWAT Division, did physically assault plaintiff Rassan Johnson causing physical injury, and did arrest plaintiff on July 22, 2005 charging him with Robbery, Aggravated Assault, Simple Assault and other related offenses on victims Edward Haines and Robert Brooks alledgedly taken place on July 22, 2005 at 2535 N. 28th Street, Philadelphia Pa. even though said arrest was without a warrant and was not supported by probable cause. Defendants malious brutality was also without justification.

4.) Defendant City of Philadelphia through its agents, servants, workmen, and/or employees, acting within the scope of their authority and within the course of their employment and specifically by the actions of defendant John Doe acting within the scope of his authority and within the course of his employment while assigned to Philadelphia SWAT Division, did physically assault plaintiff Rassan Johnson causing physical injury, and did arrest plaintiff on July 22, 2005 charging him with Robbery, Aggravated Assault, Simple Assault and other related offenses on victims Edward Haines and Robbert Brooks alledgedly taken place on July 22, 2005 at 2535 N. 28th Street, Philadelphia Pa. even though the said arrest was without a warrant and was not supported by probable cause and defendants malious brutality was also without justification.

5.) The aforementioned police brutality and arrest of plaintiff Rassan Johnson was made at the instance of defendant City of Philadelphia, through its agents, servants, workmen and/or employees, acting within the scope of their authority and within the course of their employment, maliously and without reasonable and probable cause and without justification. [SEE EXHIBIT C-6 PARAGRAPH]

6.) The defendant City of Philadelphia, through its agents, servants, workmen,

and/or employees, acting within the scope of their authority and within the course of their employment, caused the plaintiff Rassan Johnson to be taken into custody on July 22, 2005, where he remained pending on charges of Aggravated Assault, Simple Assault and related gun possesion charges, Vandalism and Criminal Mischief was also added by defendant Officer Jason Shensky acting within the scope of his authority and within the course of his employment, all charges arising from alledged incident on Edward Haines and Robert Brooks taken place on July 22, 2005 at 2535 N. 28th Street, Phila, Pa.

7.) On April 11, 2006, Assistant District Attorney for the Commonwealth withdrew prosecution on the charges of Vandalism and Criminal Mischief case and proceeded on the Aggravated Assault, Simple Assault and other related charges.

8.) On May 10, 2007, in the Philadelphia Court of Common Pleas plaintiff Rassan Johnson was brought to trial (C.P. #0604-0738) in Courtroom 701. Judge M. Defino dismissed all charges in reference to Robert Brooks and dismissed the Aggravated Assault on Edward Haines, and on May 14, 2007, Jury found plaintiff not guilty of all charges.

9.) Plaintiff Rassan Johnson has always asserted and avers herein that he is totally innocent of the aforementioned charges.

10.) The arrest and subsequent trial, and prosecution of plaintiff Rassan Johnson were caused by specific malicious and intentional acts and/or negligence of defendant City of Philadelphia through its agents, servants, workmen and/or employees, and individual defendants acting within the scope of their authority and within the course of their employment, which included but were not limited to the following:
(A) On July 22, 2005, defendants John Bechner, & John Doe

both of whom are Philadelphia SWAT officers and both were acting within the scope of their authority and within the course of their employment and (upon information and belief from defendant Shensky and defendant Williams signed affidavit) defendant William Hunter a Philadelphia SWAT Officer acting within the scope of his authority and within the course of his employment, did approach the plaintiff Rassan Johnson inside of the residence 2444 N. 28th Street Phila, Pa. along with defendant John Rechner and defendant John Doe. John Rechner approached plaintiff R. Johnson from the front and John Doe approached plaintiff R. Johnson from the rear, John Recher yelled to plaintiff to get down on the floor but before plaintiff could respond defendant Rechner struck plaintiff in the face with his weapon.

(B) Defendant John Doe acting within the scope of his authority and within the course of his employment did strike plaintiff R. Johnson in the back of his head with an object knocking him unconsious on July 22, 2005 inside of residence 2444 N. 28th Street, Phila, Pa.

(C) Defendants John Rechner and John Doe acting within the scope of their authority and within the course of their employment did hit and kick plaintiff Rassan Johnson while plaintiff was on the floor regaining consiousness from further abuse, on July 22, 2005 inside of residence 2444 N. 28th Street, Phila, Pa.

(D) Defendant William Hunter acting within the scope of his authority and within the course of his employment fabricated his testimony to clear other defendants John Rechner and John Doe of the brutality that occurred inside of residence 2444 N. 28th Street by testifying that plaintiff Rassan Johnson ran outside of the house and was arrested in front of the property even though other defendants Jason Shensky and Ezekial Williams testified and gave statements stating the Phila. SWAT did go inside

residence 2444 N. 28th Street, Phila, Pa. and arrest plaintiff R. Johnson inside of the property on July 22, 2005. [see Exibit A]

(E) Defendant William Hunter acting within the scope of his authority and within the course of his employment testified to the City of Philadelphia training Philadelphia SWAT officers how to respond to a *person with a gun situation* and that defendants were using their training to respond this incident on July 22, 2005 at 2444 N. 28th Street in connection with victims Edward Haines and Robert Brooks, defendant William Hunter also stated that defendant's SWAT unit took over tactical command from Philadelphia Police Department's 22nd District and that defendant John Rechner and other SWAT officers was to search the abandoned homes on the 2400 block of North 28th Street, defendant Hunter also stated his unit went from house to house looking for a *man with a gun* and, also that they did not have any description of a suspect, all of defendant's testimony to this incident was stated under oath in the Court of Common Pleas (Commonwealth v. Johnson C.P. #0604-0738) in confliction with other Officer testimony at trial.

(F) Plaintiff Rassan Johnson was *unarmed* and *cooperative* and therefore didn't warrant harm and brutality that occured against plaintiff, R. Johnson on July 22, 2005 inside of residence 2444 N. 28th Street, Phila, Pa.

11) On July 22, 2005 defendants Jason Shensky and defendant Ezekial Williams both of whom were Philadelphia Police officers assigned to 22nd District and acting within the course of their employment and acting within the scope of their authority and as responding officers and witnesses/arresting officers did fabricate crimes against plaintiff Rassan Johnson, intensifying the punishment of plaintiff Rassan Johnson by charging Plaintiff with the Robbery and Aggravated Assault of Edward Haines and Robert Brook, even

Page 9

though Edward Haines and Robert Brooks never stated or testified to being robbed or physically assaulted by *plaintiff Rassan Johnson*.

[EXIBITS-B & C]

12) Defendant Jason Shensky acting within the scope of his authority and within the course of his employment and "upon information and belief from the statements and/or trial transcripts from Edward Haines and Robert Brooks" defendant Shensky fabricated and/or improperly suggested to victims that *Police officers* confiscated the clothes plaintiff alledgedly changed from as evidence, and that the officers alledgedly chased plaintiff into an abandoned house where he changed clothes inside of.

13) As a direct result of the improper suggestions of plaintiff's involvement in the above crimes, Robert Brooks identified plaintiff as the suspect with the gun, and later was unavailable for Plaintiff Johnson's criminal trial.

14.) As a result of the improper suggestions of plaintiff's involvement in the above crimes, "according to police reports" Edward Haines identified plaintiff as the suspect with the gun, and later at *Plaintiff*'s criminal trial Haines testified that he initially told the arresting officers that "He was unable to make an identification" and, that it was Robert Brooks who identified the plaintiff Rassan Johnson in connection with the arrest.

15.) Defendant Jason Shensky acting within the scope of his authority and within the course of his employment and acting with other officers to fabricate crimes ~~charges~~ against plaintiff Rassan Johnson *with charges of Vandalism and Criminal Mischief* to intensify punishment ~~plaintiff~~ against Plaintiff on July 22, 2005.

[EXIBITS C and D]

16) On July 22, 2005 defendant City of Philadelphia, through its agents, servants, workmen and/or employees as well as other Philadelphia police officers acting within the scope of their authority and within the course of their employment did tell lies to the Medical staff at St. Joseph's hospital fabricating that plaintiff Rassan Johnson sustained injuries by falling inside ~~in~~ back of the police vehicle when, in fact, plaintiff sustained multiple injuries inside of residence 2444 N. 28th Street, Phila, Pa. which was corroborated by other

Page 10

evidence presented in court of law for criminal prosecution (MC. Nos. 0507-3076-3078), (C.P. # 0604-0738) Commonwealth v. Johnson the Plaintiff.

17.) The aforesaid illegal an improper conduct on the part of the defendants as well as other Philadelphia police officers, acting within the scope of their authority and within the course of their employment, as agents servants and employees of the defendant City, did result in the physical abuse and did cause Rassan Johnson to be wrongfully prosecuted for a period of 661 days. Such other improper acts as will be disclosed upon discovery

## VI. EXHAUSTION OF LEGAL REMEDIES

1.) Plaintiff Rassan Johnson did file a complaint after the outcome of criminal proceedings concluded on May 14th 2007. Plaintiff filed a complaint for police brutality June of 2007 and there was no response yet.

## VII. LEGAL CLAIMS
### Count 1 - Police Brutality

Rassan Johnson v. City of Philadelphia, Sergeant Paul Lorenzo, Sergeant Anthony McFadden, Detective Terrence Sweeney, Officer John Rechner, Officer William Hunter, Officer John Doe, Office Jason Shensky, Officer Ezekial Williams

1.) Plaintiff's reallege and incorporate by reference section and paragraphs V. 1-11

A) The aforementioned conduct by defendant City of Philadelphia, by and through its agents, servants, workmen and/or employees, and other defendants of the Philadelphia Police officers acting within the scope of their authority and within the course of their employment did maliously beat to the extent of medical needs and violated plaintiff Rassan Johnson's rights and constituted Cruel and Unusual Punishment under the Eighth Amendment of the United States Constitution.

B) During the period following plaintiff's brutality, arrest, prosecution and subsequent trial, plaintiff suffered extreme pain, mental and emotional anguish, abuse, humiliation, constant depression, and other injuries, the full extent of which are undetermined at this time.

C) As a further result of the aforesaid, plaintiff was unable to attend to his usual duties, responsibilities, and occupation and suffered a loss of earnings, earning capacity and future earning capacity, all to his great financial detriment and loss, and defamation of character.

WHEREFORE, plaintiff Rassan Johnson demands judgement against defendants, individually, jointly and severally, in separate sums each in excess of Twenty Thousand ($20,000) Dollars in compensatory damages; and as exemplary and punitive damage in separate sums each in excess of Twenty Thousand ($20,000) Dollars; A jury trial on all issues triable by jury; plaintiff's cost in this suit; Any additional relief this court deems just, proper and equitable.

Count Two – Malious Prosecution

Rassan Johnson v. City of Philadelphia, Sergeant Paul Lorenzo, Sergeant Anthony McFadden, Detective Terrence Sweeney, Officer John Rechner, Officer William Hunter, Officer Jason Shensky, Officer Ezekial Williams, Officer John Doe

2) Plaintiff reallege and incorporate by reference section and paragraph V.1-17

A) The aforesaid illegal an improper conduct on the part of the defendant City of Philadelphia, by and through its agents, servants, workmen and/or employees and other defendants individually and collectively acting within the scope of their authority and within the course of employment, did fabricate crimes, testimony, and events of occurrence, which is a violation of plaintiff Rassan Johnson's rights of "Due Process" under the Fourteenth Amendent of the United States Constitution.

WHEREFORE, Plaintiff Rassan Johnson respectfully demands judgement against defendants, individually, jointly and severally; in separate sums each in excess of Twenty Thousand ($20,000) Dollars in compensatory damages; and as exemplary and punitive damage in separate sums each in excess of Twenty Thousand ($20,000) Dollars; plaintiff's cost in this suit; A jury trial on all issues triable by jury; Any additional relief this court deems just, proper and equitable.

### Count Three - Abuse of Process

Rassan Johnson v. City of Philadelphia, Sergeant Paul Lorenzo, Sergeant Anthony McFadden, Detective Terrence Sweeney, Officer John Rechner, Officer William Hunter, Officer Jason Shensky, Officer Ezekial Williams, Officer John Doe

3) Plaintiff reallege and incorporate by reference section and paragraph I. 1-17

A) Defendant City, by and through its agents, servants, workmen and/or employees, acting within the scope of their authority and the course of their employment, including but not limited to the individual defendants named herein, did charge plaintiff with crimes that did not constitute the alledged offenses intensifying the punishment against plaintiff

B) Defendants use of the the process of arrest, prosecution and subsequent trial was improper and supported by fabricated testimony and wrongful conduct of defendants including initial arrest and excessive force before plaintiff was identified as suspect.

C.) The aforesaid arrest without probable cause and excessive charges, fabricate testimony by defendants, violated plaintiff Rassan Johnson's rights and constituted "a due process violation" under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, plaintiff Rassan Johnson respectfully demands

judgement against defendants, individually, jointly and severally, in separate sums each in excess of Twenty Thousand ($20,000) Dollars in compensatory damages; and as exemplary and punitive damage in separate sums each in excess of Twenty Thousand ($20,000) Dollars.

### Count Four — Conspiracy To Commit Official Oppression

Rassan Johnson v. City of Philadelphia, Sergeant Paul Lorenzo, Sergeant Anthony McFadden, Detective Terrence Sweeney, Officer John Rechner, Officer William Hunter, Officer Jason Shensky, Officer Ezekial Williams, Officer John Doe

4) Plaintiff reallege and incorporate by reference section and paragraph V.1-17

A) The defendants, throughout the period relevant hereto, individually and jointly did act or purport to act in an official capacity, and by taking advantage of such capacity, knowing that their conduct was illegal, subjected plaintiff Rassan Johnson to arrest, detention, search, seizure, mistreatment, disposition, and other infringement of his persons right, and did detain and impede plaintiff Rassan Johnson in the exercise and enjoyment of rights and privileges to which he is entitled.

B) The conduct of the defendants as described in V. 1-17 is in violation of 18 Pa.C.S.A. § 5301, a criminal statute prohibiting official oppression, which statute was in effect at all times relevant hereto. and 18 Pa. C.S.A. § 5301 was specifically enacted to prevent the type of acts committed by these defendant and to prevent the occurrence of the harm caused by them to plaintiff Rassan Johnson

WHEREFORE, plaintiff Rassan Johnson respectfully demands judgement against defendants, individually, jointly, and severally, in separate sums each in excess of Twenty Thousand ($20,000) Dollars as compensatory damages; and as exemplary and punitive damages in separate sums each in excess of Twenty Thousand ($20,000) Dollars.

Count Five - Intentional Infliction of Emotional Distress
Rassan Johnson v. City of Philadelphia, Sergeant Paul Lorenzo, Sergeant Anthony McFadden, Detective Terrence Sweeney, Officer John Rechner, Officer William Hunter, Officer Jason Shensky, Officer Ezekial Williams, Officer John Doe

5.) Plaintiff reallege and incorporated by reference section and paragraph V. 1-17

A) The aforesaid conduct by defendant City, by and through its agents, servants, workmen and employees, acting within the scope of their authority and within the course of their employment, including, but not limited to the individual defendants named herein, constituted intentional, reckless, wanton and outrageous conduct which defendants engaged in for the purpose of causing and/or with knowledge that it would cause plaintiff Rassan Johnson emotional distress and mental anguish.

WHEREFORE, plaintiff Rassan Johnson respectfully demands judgement against defendants, individually, jointly and severally, in separate sums each in excess of Twenty Thousand ($20,000) Dollars as compensatory damages; and as exemplary and punitive damages in separate sums each in excess of Twenty Thousand ($20,000) Dollars; Plaintiff's costs in this suit.

July 16, 2007
*Rassan Johnson*
Rassan Johnson EV8524
301 Morea Road
Frackville, Pa. 17932

I declare under penalty of perjury that the foregoing is true and correct except as to matters alleged on information and belief, and, as to those, I believe them to be true.

*Rassan Johnson*

[EXHIBIT A]

DATE OF ARREST: 7-22-05  OC#: 05-22-45843  ARREST TIME: 1230 pm  TIME OCC: 1200 pm
LOC. OCC: ▓▓▓▓▓▓▓▓▓▓▓▓  ARREST LOC: 2444 N. 28th
DIST/SECTOR OF ARREST: 22N

DEFT#1: RASSAN JOHNSON  AGE/RACE/SEX: 25 B/M  ADD: _____  DOB: 9-2-79
DEFT#2: _____  AGE/RACE/SEX: _____  ADD: _____  DOB: _____
DEFT#3: _____  AGE/RACE/SEX: _____  ADD: _____  DOB: _____

ARRESTING OFFICER: P/O Williams  BADGE# 3188  PR# 230205  DIST/UNIT 22
SQUAD & GROUP: 2C  VAC: _____

ARRESTING OFFICER: P/O Shensky  BADGE# 4910  PR# 248628  DIST/UNIT 22
SQUAD & GROUP: 2B  VAC: _____

ARRESTING OFFICER: _____  BADGE# _____  PR# _____  DIST/UNIT _____
SQUAD & GROUP: _____  VAC: _____

DETAILS OF ARREST: On 7-22-05 @ 12pm police responded to R/C pers. w/ gun @ above loc. Upon police arrival RPC 227 (P/O Shensky) - Comp #2, Robert Brooks ▓▓▓▓▓▓ stated to police that a B/M w/ a blue hat wht T-shirt blue jean shorts w/ a beard, went into his neighbors house above loc w/ a blue duffle bag. Comp #2 stated he went to above loc and the def pointed a AK47 assault rifle @ him and said "I have no beef w/ you, get out of the way" the def then fled on foot. Flash info was given out over radio. RPC 22SB7 (P/O Williams) observed the def, matching flash info, @ 28th & York. The def dropped a blue bag containing a AK47 semi-auto serial# MS009834. P/O Williams picked up bag & weapon. After a brief foot pursuit, def was last seen in alley behind 2400 Newkirk St. Police began search of def in alleys and abandoned houses. SWAT car #5102 went into 2444 N. 28th, an abandoned house, and found the def. The def had changed his clothes. RPC 227 went back to ▓▓▓▓▓▓▓▓ to get Comp #1 who stated, the def rang his door bell, when he answered his door, the def pointed a AK47 black in color @ Comp #1. Comp #1 ran upstairs and locked his door. When Comp came out the def was gone. When def was arr a positive ID was made by RPC 22SB7 (P/O Williams) and both Comp #1 & #2. The def was arr and put into EPW 2201. The def managed to get the handcuffs to the front of him and began kicking the door, making it unable to open. The def was recuffed and shackled then trans. to CDD. The AK47 put on prop rec# 2602363, the ___ out ___ ___ # 2102364  P/O #4910 / P/O #3188

DC Number 2005-22-045847
Report No 2005-22-045847.1
Report Date 7/27/2005 11:03:09 AM
Report Type Investigation Report (75-49)

Unit Control#: 2005-6200-008094-0

| | | | |
|---|---|---|---|
| Classification | 0413 - AGGRAVATED ASSAULT RIFLE | Occurred On | 7/22/2005 1:45:00 PM |
| Previous Classification | 0413 - AGGRAVATED ASSAULT RIFLE | Reported On | 7/22/2005 1:45:00 PM |
| Location of Occurrence | [redacted] | Disposition / Status | 2 - Arrest |
| Dist/Sect of Occurrence | 22nd District Sector N | Clearing Unit | 2200 - 22nd District |
| Responding Officer | P/O JASON SHENSKY (PR 248628 / #4910) | Investigating Officer | Det TERENCE SWEENEY (PR 224320 / #8048) |
| Assisted By | | Dist/Unit Preparing | 6200 - Central Detective Division |
| Related Cases | | | |

### Report Approval

| | | |
|---|---|---|
| Completed | 7/27/2005 11:03:09 AM | Det TERENCE SWEENEY (PR 224320 / #8048) |
| Approved | 7/27/2005 11:46:36 AM | Sgt PAUL LORENZO (PR 207617 / #8500) |

### Report Summary

Compl reported to police that the offender turned and pointed an AK-47 at and then threatened him with it.

### Classification Detail: 0413 - AGGRAVATED ASSAULT RIFLE

| | | | | | |
|---|---|---|---|---|---|
| Location | 070 - Private Residence | | | No. Prem. Entered | |
| Offense Completed? | YES | Using | | Entry Method | |
| Hate/Bias | None (No Bias) | Criminal Activity | | Type Security | |
| Domestic Violence | NO | Weapons/Force | Rifle | Tools | |

### Victim / Complainant V1: BROOKS, ROBERT

| | | | | | |
|---|---|---|---|---|---|
| Address | | DOB | | Officer Payroll # | |
| CSZ | | Age / Race / Sex | 37 / Black / Male | Officer Unit | |
| Home Phone | | Ethnicity | Not of Hispanic Origin | SSN | |
| Cell Phone | | Occupation/Grade | | OLN | |
| Beeper | | Employer/School | | OLN State / Country | / |
| Email | | Emp/Sch Address | | Injury | None |
| Work Phone | | Emp/Sch CSZ | | Circumstances | Argument |

Philadelphia Police Department Investigation Report
DC Number - 2005-22-045847
Report No 2005-22-045847.1
Report Date - 7/27/2005 11:03:09 AM
Report Type Investigation Report (75-49)

A - Approved
Page 2 of 3
EXIBIT C

**Victim Notes**

1.) On 07-22-2005 at approx 11:59 PM, 22nd District and SWAT officers responded to a report of a Robbery Home invasion point of AK-47 at ▓▓▓. Responding officers arrived at the location and interviewed the compl Mr. Edward Haines, B/M, (▓▓▓) 24yrs D▓▓▓▓▓▓▓▓▓▓▓, Mr Haines stated that after hearing the doorbell ring he went down to answer it and was greeted by a bearded black male pointing an AK-47 rifle at him, the offender then "racked" the slide of he rifle twice, compl ran upstairs to his bedroom took out his own, .40 cal pistol and waited, the offender never followed the compl to his bedroom.

2.) Mr Haines then called 911 and provided flash information of the offender.
P/O. Shensky # 4910, and P/O. Williams #3188 responded and observed a male matching flash description walking on the 2800 blk of York St, the officers exited their vehicle and approached the male, as the officers approached the male dropped the bag and was last seen behind the 2400 Blk of Newkirk St. The officers however recovered the blk bag which was discovered to contain an AK-47 with Banana style magazine, holding 19 live rounds, including one in the chamber, weapon was also discovered with the safety on F ( Fire).

3.) Other responding officers from SWAT, P/O. Hunter # 3343 and P/O. Rechner #3532 where also patrolling in the area and observed the offender running from an abandoned property at 2400 North 28th St, the officers apprehended the male, the compl was brought to the location and positively identified the offender, Rassan Taylor ,B/M, 25yrs DOB 09-02-1979, 3825 Folsom St, PPN 790884, 6 prior arrests, for charges ranging from Murder ( DC 01-16-051924) Agg Asslt, VUFA and Narcotics, record check on offender revealed him to be wanted as an Escape Prisoner from a Halfway house since 06-20-2005 under OCA K0-1363024.

4.) Charges against defendant include, PIC, Agg and Sim Assit, Robbery, VUFA, REAP, Terr Thts. Additionally the after being arrested the offender adopted a hostile attitude and began to kick the rear door of the 2201, striking it numerous times causing the door to buckle rendering it inoperable.

5.) Additionally a further witness/compl was discovered a Mr Robert Brooks,(▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, 37 yrs, had approached the offender when had initially went to the door, who in turn had pointed the rifle in Mr Brooks side and said " I have no beef with you, get out of the way" Mr Brooks also identified Rassan Johnson as the offender.

6.) No shots were fired and no injuries reported except a bruise to the offender for which he was transported to St Josephs for treatment and released.

7.) Record check on the confiscated Assault rifle under ser # MS 009834 negative, no registered owner, not listed as stolen.

8.) When Mr Haines came to Central Detectives his weapon was found to registered to him, however a check on Mr Haines revealed him to have taken out a PFA under order number PNO 0506V7526, dated from 07-07-2005 as a result Mr Haines is not allowed to be in possession of a handgun, his weapon, a blk .40 Cal pistol was placed on a property rec confiscated for safekeeping.

**Interview Section**
Interview Date
Interview Location
Interview Summary

Interviewed By
Others Present

75-483 Completed

**Property**

| Description | | Reported Value | Recovered Value |
|---|---|---|---|
| | TOTAL | $0 | $0 |

**Arrestee A1: TAYLOR, RASSAN**

| | | | | | |
|---|---|---|---|---|---|
| AKA | | DOB | 9/2/1979 | SSN | |
| Alert(s) | | Age / Race / Sex | 25 / Black / Male | OLN | |
| Address | 3825 Folsom St | Ethnicity | Not of Hispanic Origin | OLN State / Country | / United States of America |
| CSZ | Philadelphia, PA 19121 | Place of Birth | | | |
| Home Phone | | Occupation/Grade | | Build | |
| Cell Phone | | Employer/School | | Scars/Marks/Tattoos | |
| Beeper | | Emp/Sch Address | | Teeth | |
| Email | | Emp/Sch CSZ | | Facial Hair | |
| Work Phone | | Height / Weight | / | Complexion | |
| Attire | | Eye / Hair Color | / | Hair Style / Length | / |
| Jewelry | | Artif. Body Prts/Aids | | Blood Type | |
| Offender PID | | CBN | | Arrested Date | 7/22/2005 1:00:00 PM |
| Arrest Type | Sight Arrest | Arrested For | 0413 - AGGRAVATED ASSAULT RIFLE | Arrest Location | 2400 N 28th St |

# Philadelphia Police Department Investigation Report

DC Number: 2005-22-045846
Report No: 2005-22-045846.1
Report Date: 7/27/2005 12:18:37 PM
Report Type: Investigation Report (75-49)

A - Approved

[EXIBIT D]

Page 1 of 2

Unit Control#: 2005-6200-008109-0

| | | | |
|---|---|---|---|
| Classification | 1409 - VANDALISM PRIVATE PROPERTY UNDER $500 | Occurred On | 7/22/2005 1:34:00 PM |
| Previous Classification | 1409 - VANDALISM PRIVATE PROPERTY UNDER $500 | Reported On | 7/22/2005 1:34:00 PM |
| Location of Occurrence | 2400 N Newkirk St | Disposition / Status | 5 - Inactive |
| Dist/Sect of Occurrence | 22nd District Sector N | Clearing Unit | |
| Responding Officer | P/O VERNON WILLIAMS (PR 247432 / #5082) | Investigating Officer | Det TERENCE SWEENEY (PR 224320 / #8048) |
| Assisted By | | Dist/Unit Preparing | 6200 - Central Detective Division |
| Related Cases | | | |

## Report Approval

Completed  7/27/2005 12:18:37 PM    Det TERENCE SWEENEY (PR 224320 / #8048)
Approved   7/28/2005 7:56:43 AM     Sgt ANTHONY MC FADDEN (PR 207582 / #0570)

## Report Summary

Refer to 75-49 under DC's 05-22-045847.

## Classification Detail: 1409 - VANDALISM PRIVATE PROPERTY UNDER $500

| | | | |
|---|---|---|---|
| Location | 053 - Highways (Outside Structure) | | No. Prem. Entered |
| Offense Completed? | YES | Using | Entry Method |
| Hate/Bias | None (No Bias) | Criminal Activity | Type Security |
| Domestic Violence | NO | Weapons/Force | Tools |

## Victim / Complainant V1: P/O JASON SHENSKY (PR 248628 / #4910)

| | | | |
|---|---|---|---|
| Address | | DOB | Officer Payroll # 248628 |
| CSZ | | Age / Race / Sex  26 / White / Male | Officer Unit |
| Home Phone | | Ethnicity  Not of Hispanic Origin | SSN |
| Cell Phone | | Occupation/Grade | OLN |
| Beeper | | Employer/School | OLN State / Country / |
| Email | | Emp/Sch Address | Injury |
| Work Phone | | Emp/Sch CSZ | Circumstances |

Victim Notes: Offender struck the rear door on EPW 2201 causing it to buckle and not allow it to open

### Interview Section

Interview Date            Interviewed By            75-483 Completed
Interview Location        Others Present
Interview Summary

## Property

| | Description | | | Reported Value | Recovered Value |
|---|---|---|---|---|---|
| Destroyed/Damaged/Vandalized | | | | | |
| P1 | Structures-Other | | | $ | $ |
| 1 | | | | | |
| | License | | | | |
| | VIN or Serial No. / OAN  / | | | | |
| | Owner | | | | |
| | Recovered On / Location  / | | | | |
| | Prop Rcpt# / Disp | | | | |

TOTAL  $0    $0

MS_CR.rtf v2f

Printed: July 28, 2005 - 9:26 AM

In the United States District Court
For the Eastern District of Pennsylvania

Plaintiff Rassan Johnson

          Summons

   V.        Civil Action No.

Defendant City and County of Philadelphia Pa.

Defendant Philadelphia Police Sergeant Paul Lorenzo
Badge No. 8500
Defendant Philadelphia Police Sergeant Anthony McFadden
Badge No. 0507
Defendant Philadelphia Police Detective Terrence Sweeney
Badge No. 8048
Defendant Philadelphia Police Officer John Rechner
Badge No. 3531
Defendant Philadelphia Police Officer William Hunter
Badge No. 3343
Defendant Philadelphia Police officer Jason Shensky
Badge No. 4910
Defendant Philadelphia Police Office Ezekial Williams
Badge No. 3188
Defendant Philadelphia Police Officer John Doe
(Will learn his identity upon recieving discovery)

 To The Above Named Defendants:

 You are hereby summoned and required to serve upon plaintiffs, whose address is 301 Morea Road, Frackville, Pa. 17932 an answer to the complaint which is herewith served upon you, within 20 days after service, or 60 days if the U.S. Government or officer/agent thereof is a defendant. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint
 Clerk of the Court