```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RASSAN JOHNSON                    :        CIVIL ACTION
                                  :
     v.                           :
                                  :
CITY OF PHILADELPHIA, et al.      :        NO. 07-2966
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    November 5, 2007

      This is a pro se civil rights case brought against the City of Philadelphia and seven Philadelphia police officers. The defendants have moved to stay this case under the Soldiers' and Sailors' Civil Relief Act (the "Relief Act") because one of the defendants, Officer Jason Shensky, is a member of the Army Reserve who has been called to active duty. The Relief Act, 50 U.S.C. app. §§ 521-27, requires that a court stay proceedings against a party in military service under certain circumstances.

      The plaintiff has not responded to the defendants' motion to stay within the fourteen day period for a response set out in Local Rule 7.1. Because the plaintiff is pro se, however, the Court will not grant the motion as uncontested but will instead evaluate it on its merits. See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

      The defendants argue for a stay based on section 521 of the Relief Act. That section provides that, "in an action covered by this section in which the defendant is in military

service," a court "shall grant a stay of proceedings for a minimum period of 90 days" if the court determines that

> (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or
> (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.

50 U.S.C. app. § 521(d).

Section 521, however, does not apply here.  Section 521 is entitled "Protection of servicemembers against default judgment."  It contains procedural safeguards to prevent default judgments from being entered against defendants in military service without giving them an opportunity to obtain counsel and present a defense.  See, e.g., §521(b)(2) (requiring appointment of counsel before default judgment can be entered); § 521(g)1) (authorizing default judgments entered while a defendant is in military service to be vacated).

By its express terms, section 521 applies only to "any civil action or proceeding in which the defendant does not make an appearance."  §521(a).  Here, Officer Shensky has made an appearance in this case.  He is represented by counsel and, through counsel and with the other defendants, has moved to dismiss one count of the complaint, filed an answer as to the remaining allegations, and filed this motion for a stay.

Although Officer Shensky is not entitled to a stay under section 521 of the statute, he may be entitled to a stay

under section 522.  Section 522 "applies to any civil action or proceeding in which the plaintiff or defendant at the time of filing an application under this section – (1) is in military service . . . ; and (2) has received notice of the action or proceeding."  50 U.S.C. app. § 522(a).  Officer Shensky satisfies these prerequisites.

Section 522 authorizes a court to grant a stay of no less than 90 days at any stage of a proceeding in which a servicemember is a party, as long as two conditions are met.  § 522(b)(1).  Those conditions are that the servicemember must include in his application for a stay both:

> [1]  A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear; [and]
>
> [2]  A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

§ 522(b)(2)(A),(B).

Here, Officer Shensky has satisfied the first requirement, but has not satisfied the second.  The defendants' brief in support of the stay sets out the facts of Officer Shensky's return to active duty.  It includes as an exhibit a copy of Officer Shensky's orders, issued on May 15, 2007,

-3-

requiring him to report for active duty on July 8, 2007, for a tour of duty not to exceed 400 days. Def. Br. Ex. A.

The brief also addresses how Officer Shensky's absence will materially affect his ability to appear in the action and to participate in his defense. Although the defendants' discussion of this point is cursory, it is enough to establish prejudice to Officer Shensky. The provisions of the Relief Act authorizing a stay are "always to be liberally construed" in favor of the defendant on active duty, and in evaluating whether to grant a stay, a defendant's "[a]bsence when [his] rights or liabilities are being adjudged is usually prima facie prejudicial." Boone v. Lightner, 319 U.S. 561, 575 (1943).

The second requirement for a stay under § 522, however, is not met here. The defendants' brief does not contain the required "letter or other communication" from Officer Shensky's commanding officer stating that his current military duty prevents his appearance and that Officer Shensky has not been authorized for military leave. Because the terms of the Relief Act do not allow for a stay unless such a letter is provided, the Court cannot grant a stay pursuant to the Act.

The Court, however, will grant a temporary stay of the proceedings to allow time for defense counsel and Officer Shensky to seek to obtain the required letter from his commanding officer. As discussed above, Officer Shensky has established

that he is on active military duty which will interfere with his ability to adequately participate in this litigation.  He has therefore established his substantive entitlement to a stay and need only comply with the evidentiary requirements of § 522 of the Relief Act for a stay to be authorized.  Under these circumstances, the Court believes it is appropriate to issue a brief stay of the case to allow Officer Shensky to rectify the evidentiary defect in his request for a stay.

　　　　　Having determined that Officer Shensky will be entitled to a stay under the Relief Act, if he provides the letter from his commanding officer required by § 522(b)(2)(B), the Court must consider whether the stay should extend to the other defendants in this action.  The defendants' brief does not address this issue, but merely assumes that a stay of the proceedings as to Officer Shensky should also stay the proceedings as to the other defendants who are not in active military service.  This is not the case.  Section 525 of the Relief Act specifically provides that a stay under the Act does not necessarily extend to codefendants.  It provides:

> If a servicemember is a codefendant with others who are not in military service and who are not entitled to the relief and protections provided under this Act, the plaintiff may proceed against those other defendants with the approval of the court.

50 U.S.C. app. § 525(b).

The Court therefore has discretion to limit a stay under the Act to only the defendant on active duty and not to any codefendants.  In exercising this discretion, the Court believes it must analyze whether allowing the case to proceed will prejudice either the absent servicemember or the remaining defendants.

The claims against Officer Shensky are intertwined with those of the other defendants.  The plaintiff alleges that the defendant police officers arrested him without probable cause; used excessive force in his arrest, including hitting and kicking him; and fabricated false testimony concerning both the circumstances of his arrest and the crime he was alleged to have committed.  Compl. ¶¶ V.1-V.17.  Although Officer Shensky is not alleged to have been one of the two officers who arrested the plaintiff and allegedly used excessive force, he is alleged to have provided an affidavit that was the basis for the arrest and to have acted in concert with other officers to cover up the beating and falsely charge the plaintiff.  Compl. ¶¶ V.6, V.11-12.

The Court believes that allowing the case to proceed against the other codefendants in Officer Shensky's absence will prejudice both the codefendants and Officer Shensky.  If the case goes forward, it is likely that the depositions of both the plaintiffs and the defendants will be taken without Officer

Shensky's participation. Upon his return from active duty, Officer Shensky would then rejoin a case in which a factual record would have been developed without his having an opportunity to participate.[1] This alone constitutes sufficient prejudice to Officer Shensky to justify extending the stay of these proceedings to all defendants. Allowing the case to proceed will also prejudice the codefendants, although to a lesser extent, because they would be required to litigate the case without Officer Shensky's testimony. Given this prejudice to both Officer Shensky and the other defendants, the Court believes any stay under Relief Act should extend to the entire case.

      An appropriate Order follows.

---

[1] Whether and under what circumstances any factual record created in Officer Shensky's absence could be used against him is a question the Court need not address at this time.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RASSAN JOHNSON                  :      CIVIL ACTION
                                :
          v.                    :
                                :
CITY OF PHILADELPHIA, et al.    :      NO. 07-2966
```

ORDER

       AND NOW, this 5th day of November, 2007, upon consideration of the Defendants' Motion to Stay Proceedings (Docket # 11), IT IS HEREBY ORDERED, for the reasons stated in the accompanying Memorandum of Law, that the Motion is GRANTED IN PART as follows:

       1)  This matter is STAYED and shall be placed in civil suspense until December 7, 2007, in order to give defendant Jason Shensky time to provide a letter from his commanding officer as required for a stay under section 522 of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. app. § 521 et seq.  The requirements for that letter are set out in § 522(b)(2)(B).

       2)  If, on or before December 7, 2007, Officer Shensky files with the Court a letter complying with the requirements of 50 U.S.C. app. § 522(b)(2)(B), then the Court will issue a further Order staying this case in its entirety during the time in which Officer Shensky remains on active duty.  If no letter is

filed, then the stay in this matter will be lifted and this matter will proceed against all defendants.

                                        BY THE COURT:

                                        /s/ Mary A. McLaughlin
                                        MARY A. McLAUGHLIN, J.