```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RASSAN JOHNSON                   :         CIVIL ACTION
                                 :
     v.                          :
                                 :
CITY OF PHILADELPHIA, et al.     :         NO. 07-2966
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    November 19, 2007

      This is a <u>pro se</u> civil rights case filed by plaintiff Rassan Johnson against the City of Philadelphia and seven Philadelphia police officers.  The plaintiff's initial complaint alleged that the defendants violated his constitutional rights by falsely arresting him and prosecuting him for vandalism, criminal mischief, robbery and aggravated assault.  The complaint brought claims for police brutality (Count One); malicious prosecution (Count Two); abuse of process (Count Three); conspiracy to commit official oppression (Count Four); and intentional infliction of emotional distress (Count Five).  The Court granted the defendants' motion to dismiss Count Four, and the defendants have answered the remaining claims.

      At the same time that the defendants moved to dismiss Count Four, they also moved to stay the case under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. app. §§ 521-27, because one of the defendants, Officer Jason Shensky, is a member of the Army Reserve who has been called to active duty.  The Court

granted this motion, in part, and stayed the case for thirty days to allow the defendants to provide additional evidentiary support required by the Act.

The plaintiff has filed three motions to amend his complaint. The first, filed October 29, 2007, seeks to add a sixth count of the complaint, stating a claim for false arrest. The second, filed November 8, 2007, also seeks to add a sixth count of the complaint for false arrest. The only difference between the two motions is that the false arrest claim set out in the second motion contains an additional paragraph, paragraph D, that addresses causation. The plaintiff's third motion to amend seeks to dismiss Officer Jason Shensky as a defendant and to have the stay lifted and the case proceed against the remaining defendants.

The defendants have now filed their response to these motions. They do not oppose the plaintiff's request to amend the complaint to add a claim for false arrest or to drop Officer Shensky as a defendant. They request, however, that the dismissal as to Officer Shensky should be made with prejudice and that the case should remain stayed, despite Officer Shensky's dismissal, to prevent prejudice to the remaining defendants from his unavailability.

The Court will deny the defendants' request that the dismissal of Officer Shensky be made with prejudice. After a

defendant has filed an answer, a plaintiff can only amend his complaint or dismiss his claims with the written consent of the adverse party or leave of Court.  Fed. R. Civ. P. 15(a); 41(a)(2).  In considering whether to grant a plaintiff's request to voluntarily dismiss without prejudice, a court must evaluate whether dismissal will cause any prejudice to the defendants. See Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir. 1974).

   Here, the Court finds no prejudice to Officer Shensky in allowing the claims against him to be dismissed without prejudice.  Although dismissal without prejudice subjects Officer Shensky to the possibility that the plaintiff may seek to reassert claims against him at a later date, if the plaintiff does so, Officer Shensky will be able to assert all the defenses he has done to date, including the protections of the Soldiers' and Sailors' Relief Act (assuming he is still on active duty), as well as additional defenses that may become available to him with the passage of time, including the statute of limitations and res judicata.[1]  In addition, any attempt by the plaintiff to re-amend his complaint to add Officer Shensky would require Court approval.  Fed. R. Civ. P. 15(a).

---

[1] In mentioning Officer Shensky's ability to raise these defenses, the Court is not expressing any view as to whether any particular defense would be available to Officer Shensky in the future or whether any defense would be successful.

The Court will also deny the defendants' request to stay this case until Officer Shensky returns from active duty. The Court's Order of November 6, 2007, granting a 30-day stay of this matter, was predicated on the Court's finding that Officer Shensky would be entitled to a stay under the Soldiers' and Sailors' Relief Act, if he provided the specific evidentiary support of his deployment to active duty required by the Act. The Court also decided that this stay should be extended to all defendants, in order to prevent prejudice to Officer Shensky and, to a lesser extent, the other defendants.

As the defendants concede, if Officer Shensky is no longer a defendant to this action, the Soldiers' and Sailors' Relief Act no longer provides a basis for a stay. The Act only authorizes a stay of proceedings where a plaintiff or a defendant is on active military duty, 50 U.S.C. app. § 521(a)(1). Its purpose is to provide protection against legal actions for active duty personnel "who have been obliged to drop their own affairs to take up the burdens of the nation." Boone v. Lightner, 319 U.S. 561, 575 (1943).

Foreclosed from seeking a stay under the Act, the defendants ask the Court to use its inherent powers over its docket to stay the case. The defendants assert as the grounds for the stay that Officer Shensky is a "key witness" whose testimony will be necessary at trial and that his absence will

prejudice the remaining defendants' ability to prepare their defense.  The Court declines to issue a stay on this basis.

To stay all proceedings in this case for the remaining year of Officer Shensky's fourteen month tour of active duty would prejudice the plaintiff by delaying his ability to pursue his case.  When Officer Shensky was a party, that prejudice to the plaintiff was outweighed by the statutory command of the Soldiers' and Sailors' Relief Act.  Now that the Act no longer applies, the Court does not find the defendants' general allegations of prejudice from Officer Shensky's absence sufficient to justify a stay.  The Court's denial of a stay is without prejudice to the defendants' ability to raise the issue again at the close of discovery, if they have not been able to take Officer Shensky's testimony at that time.

An appropriate Order follows.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RASSAN JOHNSON                 :    CIVIL ACTION
                               :
            v.                 :
                               :
CITY OF PHILADELPHIA, et al.   :    NO. 07-2966

ORDER

AND NOW, this 19th day of November, 2007, upon consideration of the three pending motions by the plaintiff for leave to amend his complaint (Docket Nos. 13, 18, and 19) and the defendants' response thereto (Docket No. 20), IT IS HEREBY ORDERED, for the reasons set forth in the accompanying Memorandum, that the Motions are GRANTED as follows;

1) The plaintiff's complaint is amended to add the claim for false arrest (Count Six) set out in the plaintiff's second motion to amend his complaint (Docket No. 18);

2) The plaintiff's complaint is amended to dismiss Officer Jason Shensky as a defendant. This dismissal is without prejudice. The Clerk of Court shall terminate Officer Shensky as a party to this action.

3) The stay in this action, granted in the Court's Memorandum and Order of November 15, 2007, is lifted. This case shall be removed from civil suspense and returned to active status.

4) The Court will issue a further order scheduling an on-the-record telephonic status conference to discuss setting a

pre-trial schedule this case pursuant to Federal Rule of Civil Procedure 16.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.

-2-